## No. 17,647.

ERWIN L. REGENNITTER *v.* FREEMAN D. FOWLER, ET AL.

(290 P. [2d] 223)

Decided November 14, 1955.   Rehearing denied December 12, 1955.

490

Mr. John F. Mueller, Mr. Teller Ammons, Mr. Erwin L. Regennitter, pro se., for plaintiff in error.

Mr. William W. McNeill, Mr. Justin A. Gargan, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

The parties appear in this Court in the same order as in the trial court, and we will hereinafter refer to them as they appeared below, or by name.

Defendants filed a motion to dismiss the complaint of plaintiff on the ground that it failed to state a claim upon which relief could be granted. The trial court sustained the motion and entered judgment in favor of defendants, and plaintiff, seeking reversal of the judgment, brings the cause to this Court for review by writ of error.

In his complaint plaintiff alleged that he was the owner of property in the city of Idaho Springs, adjacent to property owned by defendants Freeman D. Fowler and Virginia R. Fowler; that his property, and that of the Fowlers, is located in a residence "A" zone; that under pertinent ordinances of the city the use of said property is limited to one-family dwellings and the conversion of one-family dwellings into multiple family units is pro-

hibited; that the city council of Idaho Springs, consisting of six aldermen, appointed a Board of Adjustment composed of five members of the council; that the Fowlers applied to defendant Fulton, who was the building inspector, for a building permit authorizing them to convert their one-family into a two-family dwelling, notwithstanding the fact that it was located in a residence "A" zone; that the building inspector denied the application and within five days after said denial the Fowlers appealed and applied to the defendant members of the Board of Adjustment to détermine an area to be especially affected by said proposed alteration, and within which they might obtain from the owners of land, consents to such conversion as a condition to obtaining a variance from the terms of the ordinance; that the Board immediately determined that the affected area consisted of blocks 12 and 13; that two days thereafter, on September 29, 1954, the Fowlers filed with said Board of Adjustment a petition purporting to contain the signatures of the owners of eighty per cent of the land within said blocks 12 and 13; that on said last mentioned date the Board granted .the requested variance from the terms of the zoning ordinance, and immediately thereupon a building permit was issued and the Fowlers began rémodelling the premises; that section 12 of the city ordinance empowered the Board of Adjustment to make exceptions to the terms of the ordinance under certain circumstances, but that the said Board could grant a variance only after public notice and hearing, and only in the event written consents signed by the owners of eighty per cent of the land in the affected area were filed with the Board; that the owners of eighty per cent of the land in said area had not consented to the proposed variance, and no public notice or hearing of any kind was had in connection with said application; that defendants "acted in secret and concealed said action from the plaintiff and that no notice was ever given to plaintiff or to the public of said proceedings * * *"; that

plaintiff has no plain, speedy or adequate remedy at law; and that he has suffered damage and injury by reason of the matters of which he complained.

The prayer of the complaint was for cancellation and revocation of the building permit; for permanent injunction restraining the Fowlers from using their property as a two-family dwelling; for a mandatory permanent injunction requiring them to restore the premises to its former condition as a one-family dwelling; and for such other and further relief as the court shall deem proper.

The judgment of the trial court contains, inter alia, the following statement:

"The Court finds that Plaintiff further complains that said Board of Adjustment has exceeded its jurisdiction and has acted arbitrarily, capriciously and in an abuse of its discretion in making an exception as provided by the ordinances of said City of Idaho Springs; it is the conclusion of the Court that this is relief which can only be secured by appropriate Motion under Rule 106 (a4) of the Rules of Civil Procedure, being in the nature of a Writ of Certiorari."

"The Court finds that injunctive relief as requested in the Complaint is not proper in a matter of this nature; that the Motion to Dismiss is well taken and should be granted."

The pertinent portions of the rule mentioned by the trial court provide that relief formerly obtainable under common law writs, "may be obtained by appropriate action or by an appropriate motion * * *."

*　　*　　*

"Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy. Upon the filing of the complaint the court shall direct the issuance of a citation to the inferior tribunal to show cause why the relief requested shall not be allowed. If the complaint is supported by an affidavit the

order to show cause may be issued, or the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct. If a stay of proceedings is granted the citation or order shall so state. Review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion."

Questions to be Determined.

First: *Do the facts alleged by plaintiff constitute an "appropriate action" or an "appropriate motion" sufficient to entitle him to relief under Rule 106, R.C.P. Colo.?*
■ ■ This question is answered in the affirmative. In *Berryman v. Berryman,* 115 Colo. 281, 172 P. (2d) 446, this Court held in effect, that in order to determine whether the action of a trial court in sustaining a motion to dismiss was correct, the pertinent question is whether in the allegations of the complaint plaintiff is entitled to any relief. The facts alleged in the complaint in the instant case must be taken as true, and if, upon any theory of law, relief should be granted, then the motion to dismiss cannot be sustained. Rule 54 (c) provides, inter alia, "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." In *Gay v. E. H. Moore, Inc.,* 26 F. Supp. 749, the court said: "Plaintiff has misconceived his remedy and is seeking relief to which he is not entitled under the law, but this does not mean that his petition should be dismissed; for, if under the allegations of the petition he is entitled to any relief, the court upon a hearing may grant him the relief to which he is entitled regardless of the prayer in the petition * * *."

█ The question, therefore, is not whether the plaintiff in the case at bar has asked for the proper remedy, but whether under his pleadings he is entitled to any remedy. Assuming, as we must, the truth of the facts alleged, we are certain that the complaint was sufficient to state a claim upon which relief should be granted. It was sufficient in form to require the trial court to issue a rule upon the defendants to show cause why their action in creating a variance from the zoning ordinance should not be nullified.

Second: *Under the allegations of fact set forth in the complaint, is plaintiff limited to proceedings in the nature of certiorari as provided for by Rule 106, R.C.P. Colo.?*

█ This question is answered in the negative. We are mindful of the allegation contained in the complaint that the ordinance in question required, as a condition to the granting of a variance from the provisions of the zoning law, that a notice and public hearing be held by the Board of Adjustment in connection therewith, and that the owners of eighty per cent of the property in the area affected must give written consent to the exception sought. In the complaint it is alleged that no notice ever was given, and no public hearing was had. Thus no opportunity was afforded plaintiff to question the consents submitted, upon which the Board of Adjustment determined that the owners of eighty per cent of the property had agreed to the variance. Accordingly, a review of the record made by the Board of Adjustment would be wholly inadequate to provide a remedy for plaintiff who had no notice, actual or constructive, concerning the pendency of the proceedings, and who was afforded no day in court to protect his interest. It follows that under the circumstances of this case, the remedy provided by Rule 106 is not exclusive. If the plaintiff elects so to do, the action should proceed upon the issues made by the pleadings as in other cases independent of Rule 106.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.