370 P.2d 438 (1962)
Arthur M. MORRIS and Martha L. Morris, Plaintiffs in Error,
v.
The BOARD OF COUNTY COMMISSIONERS FOR the COUNTY OF JEFFERSON, Raymond Ziegler, Chief Building Clerk for Jefferson County, and Ira Hardin, Zoning Administrator for the County of Jefferson, State of Colorado, Defendants,
The Crown Hill Cemetery Association, a corporation, Intervenor, Defendants in Error.
No. 19720.
Supreme Court of Colorado. In Department.
April 9, 1962.
Arthur M. Morris, pro se, George A. Holley, Wheat Ridge, Frederick Epstein, Alex Stephen Keller, Denver, for plaintiffs in error.
Thomas J. Carney, Golden, Alan Woods, I. L. Quiat, Denver, for defendants in error.
MOORE, Justice.
We will refer to the parties as follows: Plaintiffs in error as plaintiffs; defendants in error as the commissioners; and Crown Hill Cemetery Association as intervenor.
Plaintiffs brought this action in the trial court with a dual purpose in mind. First: They sought to review the action of the commissioners denying their application to re-zone certain lands owned by them in Jefferson county from R-2 (residence) to C-1 (commercial) district. Second: Plaintiffs sought a declaratory judgment concerning their alleged right to construct a bowling alley, swimming pool, and general recreation facilities on said real estate.
*439 Plaintiffs alleged that on July 8, 1959, they presented a petition to the Planning Commission of the county, together with plans and exhibits describing the proposed construction; that said petition was approved by the Planning Commission but that the commissioners arbitrarily and capriciously denied it, disregarding the recommendation of the County Planning Commission. Plaintiffs further alleged that the zoning restrictions placed on said land, in violation of the Constitutions of the State of Colorado and the United States, deprive them of the only reasonable use which can be made of their property.
The intervenor owns land immediately to the west of plaintiffs' property and is separated therefrom by a highway known as Wadsworth avenue. On the theory that plaintiffs were not limited to the remedy of certiorari directed to the proceedings before the commissioners, the trial court granted the motion to intervene. When the case came on for pre-trial conference the court concluded that the first issue to be determined was whether examination of the record before the commissioners disclosed an arbitrary and capricious exercise of authority. In the absence of such a showing the trial court concluded that it could not hear evidence in addition to that contained in the record of the hearing before the commissioners, even though the pleadings contained other issues drawn upon the questions involved in the declaratory judgment phase of the case.
Thereafter the case proceeded to trial. The record of the hearing was placed before the court. Plaintiffs asked to present additional evidence, which request was refused. Their attempted offer of proof was denied by the court which ruled that it would be of no avail; however the court permitted them to file a written offer of proof in order that the contents thereof might appear in the record. Judgment was entered affirming the action of the commissioners. Thereafter plaintiffs filed their offer of proof. They should have been permitted to establish by evidence the matters contained therein, and they were entitled to a determination by the trial court on the question of whether their constitutional rights were violated by the zoning regulations in question. No issues bearing on that question were determined in the hearing before the commissioners.
From 101 C.J.S. Zoning § 327, p. 1126, we quote the following statement of the general rule:
"* * * A party attacking the action of a zoning board may join other appropriate claims for relief such as estoppel, or a claim that an ordinance in question is invalid, and the decisions of the board are reviewable, not only where there has been an erroneous interpretation of the law, but also when they impair personal or property rights protected by the constitution. * * *"
From Heron v. Denver, 131 Colo. 501, 283 P.2d 647, we quote:
"* * * Where administrative remedies are provided, this policy of orderly procedure should be followed, particularly when the matter of which complaint is made, or by which the party is aggrieved, is such as is within the province of the administrative authority to correct. Unless the administrative remedies are exhausted it never can be known but what a correction would ensue if the authorities were given full opportunity to pass upon the matter. Our Court has adhered rather strictly to the requirement of exhaustion of administrative remedies before the Court will take jurisdiction. * * *"
If resort to the administrative remedy is inadequate to provide suitable relief such remedy is not exclusive, and by exhausting the administrative remedy available to plaintiffs they were not precluded from presenting the issues pertinent to their prayer for declaratory judgment.
In Regennitter v. Fowler, 132 Colo. 489, 290 P.2d 223, we said, inter alia:
"* * * Accordingly, a review of the record made by the Board of Adjustment *440 would be wholly inadequate to provide a remedy for plaintiff * *. It follows that under the circumstances of this case, the remedy provided by Rule 106 is not exclusive. If the plaintiff elects so to do, the action should proceed upon the issues made by the pleadings as in other cases independent of Rule 106."
The judgment is reversed and the cause remanded with directions to hear and determine the issues of fact and law bearing on the claim for declaratory judgment.
DAY, C. J., and McWILLIAMS, J., concur.