No. 24440.

THE CIVIL SERVICE COMMISSION OF THE STATE OF COLORADO *v.* CORTLANDT E. DOYLE.

(483 P.2d 380)

Decided March 29, 1971.    Rehearing denied April 26, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for plaintiff in error.

SAMUEL J. EATON, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THIS is the second time this matter has been before us on writ of error. Involved is the dismissal in February 1965 of Cortlandt E. Doyle, as an employee of the State of Colorado. In *Civil Service v. Doyle*, 162 Colo. 1, 424 P.2d 368, we reversed the trial court's judgment reinstating Doyle and ordering payment to him of salary since the date of dismissal. Upon remand and after further proceedings, the trial court has entered the same judgment, which is again challenged by the Civil Service Commission in this writ of error.

Neither judgment was based upon the trial court's review and appraisal of the record for the purpose of determining whether sufficient and competent evidence was presented at the hearing before the Civil Service Commission to support its order upholding Doyle's dismissal. The trial court's judgment now before us, like the judgment involved in the first writ of error, is premised on factors which, in our view, are without substance. We therefore reverse and remand this cause to the trial court for entry of a judgment affirming the order which upheld Doyle's dismissal. *Our* review of this record is the basis for this reversal and this remand direction.

At the time the parties prepared their briefs and later when they orally argued the issues before this court, part of the record containing the transcript of the testimony of witnesses and proceedings before the Civil Service Commission was unavailable. It was represented that the transcript had been lost or misfiled in the district court and could not be found after careful searches. Without the benefit of this transcript, we commenced our research and study to fairly resolve this writ of error. In the course of these efforts, the clerk of the district court on December 8, 1970 filed the "lost" transcript in this court.

This unexpected turn of events in a way is typical of the unusual legal entanglements encountered in this case and the rather bizarre happenings which have taken place over a period of six years, since Mr. Doyle was dismissed. The real merits of this case do not involve the complexities which sometimes do cause delay in concluding a case. There is nothing about this case which should have prevented prompt decision in the trial court and no more than one round of appellate review.

Our review of this record indicates that the order of the Civil Service Commission must be sustained. Therefore, it would be a useless gesture to send this cause back to the trial court again for findings and decision upon review of this record. See the concurring opinion of former Justice Doyle in *Commission v. Continental*, 143 Colo. 590, 355 P.2d 83. Further trial court involvement would undoubtedly result in a third round of appellate review. As a consequence, this relatively simple issue would continue as unresolved for possibly several more years.

Certain background facts are required to formulate a proper basis for our resolution of this case. Mr. Doyle was employed as a principal clerk by the Industrial Commission of the State of Colorado. On February 9, 1965, charges were filed against him resulting in his suspension pending a hearing before the Civil Service Commission of the State of Colorado. The gravamen of the charges against Mr. Doyle was that he had struck a fellow employee in anger, that he had struck other employees, and that he had generally failed to conduct himself in a manner consistent with good personnel practices. Upon hearing of the charges, evidence was introduced by the Industrial Commission, as the appointing authority, and by Mr. Doyle. The extensiveness of this hearing is demonstrated by the fact that over fifteen witnesses testified. The material issues of fact, with respect to Mr. Doyle's alleged violations of good personnel practices, were contested.

After taking the matter under advisement, the Civil Service Commission on April 26, 1965 ruled in favor of the appointing authority and entered an order upholding Mr. Doyle's dismissal. He thereupon appealed this order to the trial court, by filing a complaint requesting review of the record of proceedings before the Civil Service Commission and reversal of its order. Parenthetically, it should be noted that such a review as requested is for the purpose of trial court determination of whether or not the record of proceedings before the Civil Service Commission reflects competent and sufficient evidence to support the Civil Service Commission's order upholding Mr. Doyle's dismissal.

The trial court entered a default judgment in favor of Doyle and ordered that he be reinstated on the basis that the Civil Service Commission had not timely filed a transcript of its proceedings with the court. This judgment was the subject of the first writ of error. *Civil Service v. Doyle, supra.* We reversed the judgment and remanded the cause to the trial court for a review upon the record.

Upon remand, Mr. Doyle moved the trial court to strike the transcript of testimony before the Civil Service Commission on the grounds that it "is false, the certification is false, and the contents therein are incorrect and untrue." An evidentiary hearing was had on this motion. As a result, the trial court found that the transcript contained inaccuracies which prevented a proper review by the trial court. The testimony of Phillip B. Bryant, the shorthand reporter who reported the testimony before the Civil Service Commission, indicated a number of inaccuracies. The Civil Service Commission was given leave by the trial court to file a "corrected" transcript. After several extensions, the Civil Service Commission filed a transcript which purportedly was corrected in accord with the testimony of Mr. Bryant.

On June 30, 1969, the trial court held that the transcript as corrected and augmented remained not a true, accurate,

or complete transcript of the testimony and proceedings before the Civil Service Commission. The trial court further held that the shorthand reporter could not legally certify this transcript, since he was not a certified shorthand reporter. For these reasons, the trial court thereupon held that it could not therefore properly review this transcript and accordingly, it remanded this case to the Civil Service Commission with orders to vacate the Commission's order upholding Mr. Doyle's dismissal, to reinstate him in his previous position, and to reimburse him for all back pay from the date he was suspended without pay. A stay of execution on these orders and judgment was granted by this court pending disposition of this writ of error.

Our review of this record which now includes the transcript of testimony and proceedings before the Civil Service Commission in its final form as corrected by the Civil Service Commission reveals to us that this transcript contains no inaccuracies of any substance nor did Mr. Doyle make any showing before the trial court that the transcript contained any inaccuracy which misrepresented the testimony to his prejudice. The trial court's judgment appears to be based upon an inaccurate record and upon a record which cannot be properly reviewed because the shorthand reporter who took the testimony was not a certified court reporter. It is our view, as discussed *infra,* that neither of these grounds for the trial court's judgment have any validity.

██ In appealing an administrative decision to the district court, the burden of providing an adequate record is upon the administrative agency on the order to show cause from the district court. However, once a record has been certified by the administrative tribunal to the review court, the burden is upon the person seeking review not only to show that there are imperfections in the record but also, to show that such imperfections would prejudice this person upon review. In *Brncic v. District Court,* 163 Colo. 457, 431 P.2d 475, we held that

a transcript which contained pages, some of which were carbon copies and some of which were originals, was to be certified by the trial court judge in the absence of any showing of prejudice inuring to any of the parties by reason of the carbon pages. This court noted that the purpose of providing original pages is to avoid errors but that no prejudice had been shown by the use of the carbon copies. As discussed *infra*, we find from the record that Doyle has shown no prejudice from the specified "changes" in the transcript.

██ The certification of the record is an official act of the inferior tribunal and is not necessarily contingent upon certification of the transcript of the proceedings by a certified shorthand reporter. See *Brncic, supra,* at 460; *cf. Big Kanawha Co. v. Jones,* 45 Colo. 381, 102 P.171; C.R.C.P. 106 (a) (4); *cf.* C.A.R. 10 (a). Although Bryant, the reporter of the Civil Service Commission proceedings, was not a certified shorthand reporter, the Civil Service Commission did certify and, upon making certain corrections after the district court order on June 11, 1968, did recertify that the transcript of proceedings "is a true, correct and accurate record *in every significant aspect* . . . . " (Emphasis added.)

At the evidentiary hearing by the court on the motion to strike the transcript, Bryant testified that he had found 98 changes in the 376-page transcript in comparing his original notes with the "certified" transcript. Bryant further testified as to the content of these changes. Several of those which we consider to be the most substantial are noted, with emphasis added to the corrections:

(1) "[T]here was gossip around, but there is gossip all over the office . . . . "
should read
"[T]here was *a lot of gossip all around the office,* . . . . "
in answer to a question at p. 112.

(2) "[I] am reasonably sure that I did"
should read
"[I] am reasonably sure that I did *but I don't remember.*"

in answer to a question at p. 200.

(3) "[I] did not slap Mrs. Bennett on the buttocks" should read

"[I] *absolutely* did not slap Mrs. Bennett on the buttocks," in answer to a question at p. 329.

█ Ninety-five other similar changes were allegedly made. Although each such change testified to does alter the particular sentence somewhat, reviewing all of the changes elicited at the evidentiary hearing (some 55 of the 98 changes were examined at the hearing), we conclude that reasonable men, considering the transcript in its entirety, would be compelled to find that the content of the transcript is not materially altered by the changes testified to. We presume that the testimony about the inaccuracies in the original record was intended to cover all the objections Doyle may have had about the record. Since this evidence showed no errors of any substance and since Mr. Doyle did not show that the corrected record was in any manner false or untrue, we conclude that he was not prejudiced by the changes and that the transcript before us is a fair and accurate record of the Commission's proceedings which we may review. *See State v. Hill,* (Mo.) 373 S.W.2d 666; *cf.* C.A.R. 10(c) and (d).

██ Upon review of the record, we hold that there is sufficient evidence to uphold the decision of the Civil Service Commission. This court has many times stated the general rule that in reviewing orders of the Civil Service Commission, we look only to see that there is competent and sufficient evidence to support the removal order. *Civil Service Com. v. Hoag,* 88 Colo. 169, 293 P.338; *Commission v. Hazlett,* 119 Colo. 173, 201 P.2d 616. We find that the fifteen witnesses for the Industrial Commission provided ample and competent evidence to support the order of the Civil Service Commission.

█ Since we undertake to review this case directly, without remand, we must consider the additional matters set forth by Doyle in his complaint to the district court.

Doyle complains that he was not notified of the charges within forty-eight hours of the notice of his suspension, as required by Civil Service Rules. He claims that he was suspended on February 2, 1965 and the Industrial Commission argues that he was suspended on February 9, 1965, since he was paid thru February 8, 1965. We believe that the Civil Service Commission's interpretation of "suspension" as meaning "suspension without salary" is a reasonable interpretation of its own rules. Hence, we find no merit to this claim. Likewise, we find that the other matters raised by the complaint are not meritorious.

The judgment is reversed and the cause is remanded to the trial court for entry of a judgment affirming the order of the Civil Service Commission of April 26, 1965, upholding the dismissal of Mr. Doyle.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE DAY not participating.