No. 25980

Marvin L. Bauer and Shirely J. Bauer v. City of Wheat Ridge, a municipal corporation, The City Council of the City of Wheat Ridge, Colorado, and Paul Walker, City Planning Director, Jack Prose, Chief Building Inspector of the City of Wheat Ridge, Paul Abramson, Jack Bramble, Joseph Donaldson, Robert Howard and Calvin Hulsey

(513 P.2d 203)

Decided August 20, 1973.

Holley, Boatright & Villano, David C. Deuben, George Alan Holley, for plaintiffs-appellees.

Maurice F. Fox, for defendants-appellants.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The plaintiffs Mr. and Mrs. Bauer own real property in the City of Wheat Ridge. The property is located in an area designated by ordinance as a flood plain. As zoned, the Bauers could build an apartment house on this property, provided they met the criteria in the flood plain ordinance for a "special exception." Bauers' application for the "special exception" was denied by the city council.

Bauers appealed the city council's denial to the district court pursuant to C.R.C.P. 106(a)(4). The district court found that the council had acted arbitrarily in denying the "special exception" permit and entered a judgment ordering the council to issue the permit. From that judgment, the city council appealed to this court. We affirm the district court's judgment.

As provided in C.R.S. 1963, 139-60-1, Wheat Ridge, a statutory city, enacted a flood plain ordinance. The city council performed a legislative function when it adopted this ordinance. In deciding whether or not to grant a "special exception" permit under the ordinance, the city council acted in an adjudicative capacity.

The flood plain ordinance establishes the criteria upon which the "special exception" will be granted. If the council believes that other reasons should be used in denying an application, then the appropriate procedure is to amend the flood plain ordinance. Once an applicant applies under the ordinance, only those factors which apply generally to all applicants may be considered. *Western Paving Construction Co. v. Board of County Commissioners,* 181 Colo. 77, 506 P.2d 1230 (1973).

■ After reviewing the record and exhibits in this case, we believe the district court correctly characterized the city council's action when it ruled:

"In this case it appears that the council denied this permit solely because of the type of building that was to be placed on the ground even though it met all qualifications under the flood plain ordinance and the general zoning ordinances of the city of Wheat Ridge. This the court believes to be an arbitrary and capricious act."

■ Under C.R.C.P. 106(a)(4), the role of review of the district court "... shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion." The proper function of the district court is to affirm the council where there is "any competent evidence" to support the council's decision. *Civil Service Commission v. Doyle,* 174 Colo. 149, 483 P.2d 380 (1971).

The findings which the city council made when it denied the permit were very brief, and were extremely vague as to any substantial reason for its action. The flood plain ordinance clearly lists certain mandatory factors which must be met by the permit applicant under Section 4.52 of the ordinance. Certain permissive factors are found in Section 1.11 through Section 1.14, and references thereto are made in Section 5.43.

■ Where the city council is acting in an adjudicative capacity, the following would be required to sustain a denial of this permit: If there is a lack of evidence to show that certain of the required factors existed, or if the evidence is in dispute as to one or more of these factors, and the city council determines the permit should be denied, then it would have to make specific findings of fact as to what factors were or were not established. Where a record supports the findings, a reviewing court must uphold the city council's action. *Civil Service Commission v. Doyle, supra; Marker v. Colorado Springs,* 138 Colo. 485, 336 P.2d 305; *Civil Service Commission v. Hazlett,* 119 Colo. 173, 201 P.2d 616; and *Civil Service Commission v. Hoag,* 88 Colo. 169, 293 P. 338.

The evidence before the city council is uncontradicted that

the applicant complied with the mandatory requirements of Section 4.52 of the flood plain ordinance.

We find no merit in the council's argument that the district court action should have been dismissed for failure to name the Mayor as a party. Since the district court's decision ordering the issuance of the special exception is affirmed, it is unnecessary to decide or discuss whether this denial by the city council of Bauers' application constitutes an unconstitutional taking of property.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.