No. 25322

The Dillon Companies, Inc., d/b/a King Soopers, a Kansas Corporation, duly authorized to do business in the State of Colorado, George W. Coel and Margaret Coel v. The City of Boulder, Colorado, a Colorado Municipal Corporation, the City Council of the City of Boulder, and the members thereof to-wit: James M. Bowers, John C. Buechner, Richard Geesaman, Charles A. Haertling, Robert W. Knecht, Richard McClean, Dwayne C. Nuzum and Thomas Waugh, individually and as members of the City Council of the City of Boulder, Rebecca Gustafson, Henry Hermes, Imelda Hermes, Joan K. Yee, Donald C. Gohringer, Kathryn Nutting, John B. Nutting, Roger A. Dixon, Deanne Dixon, Diane Peterson, Gordon Peterson, Henry Bjorkland, Gretchen Bjorkland, and Dawn Kummli

No. 25622

Rebecca Gustafson, et al v. The City of Boulder, Colorado, et al
(515 P.2d 627)

Decided October 29, 1973.

Hollenbeck, King, French & Mills, Neil C. King, Peter C. Dietze, for plaintiffs-appellees No. 25322, for defendants-appellees No. 25622.

Walter L. Wagenhals, for defendant-appellee City of Boulder, No. 25322 and No. 25622.

Creamer & Creamer, George Louis Creamer, Quiat & Quiat, Gerald M. Quiat, for intervenors-appellants No. 25322, for plaintiffs-appellants No. 25622, and James C. Bull for plaintiffs-appellants No. 25622.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellees Dillon Company and Coels own in the City of Boulder contiguous pieces of property, which are zoned for multi-family residential use. Pursuant to a city ordinance, Dillon Company and Coels made application to have their land rezoned to a planned development district to enable them to build a supermarket and a clinic building.

The Boulder Planning Board reviewed their application, held two public hearings, and thereafter with all members of the board present, unanimously approved this planned development. The planning board, therefore, recommended that the application be granted. After a hearing before the city council, it denied the application, but made no findings of fact to support the denial.

Dillon Company and Coels brought an appeal under C.R.C.P. 106(a)(4) in the district court. That court reviewed the record of the hearing before the city council and found that there was no evidence to support the denial of the application. The district court thereupon ordered the city council to "rezone" the land of the applicant to planned development as provided in City of Boulder Ordinance Section 307-209 which has since been repealed and replaced by a new planned development ordinance.

The city council complied with the court order and passed the "rezoning ordinance," after deciding not to appeal the district court judgment. Landowners adjacent to the subject

property thereupon sought to intervene for purpose of appeal. The district court denied intervention for lack of standing. The landowners then appealed the denial of intervention to this court in Supreme Court No. 25322.

The adjacent landowners thereafter brought a second action in the district court against the City of Boulder, Dillon Company, and Coels to have the "rezoning ordinance" declared invalid. Most of the plaintiffs in this action are the same persons who were denied intervention in the first action. In this second action, in addition to the proposed intervenors in the first action, there are seven residential landowners whose property is also located in the close vicinity of the subject property. The district court dismissed their complaint as being a collateral attack on the first district court decision. This judgment was also appealed in Supreme Court No. 25622.

These two appeals have been consolidated in this court because both cases involve the same main issue, the same subject property, and substantially the same parties.

I.

■ We find that the district court erred in denying intervention in the first action. C.R.C.P. 24(a)(2) establishes three requirements for intervention of right. 7(a) *C. Wright & A. Miller, Federal Practice and Procedure: Civil* § 1908 (1972). First, C.R.C.P. 24(a)(2) requires "an interest relating to the property or transaction which is the subject of the action." The owner of the land which is within an area sought to be zoned or rezoned clearly meets this require-ment. Here, however, the land which was to be "rezoned" was relatively small and vacant. There are no homeowners on it. The rule, however, does not require "an interest in the property" but an "interest relating to the property." The record reveals that the proposed intervenors live between one and one-half and three and one-half blocks from the subject property. Thus, they meet the first requirement of the rule under the facts of this case.

■ Second, C.R.C.P. 24(a)(2) requires that the "disposi-tion of the action may as a practical matter impair or impede

his ability to protect that interest." The intervenors allege that a supermarket will affect their interest in several ways. The increased traffic will make it more hazardous for their children. The asphalt parking lot will affect drainage in the area, etc. The intervenors-appellants therefore also met this second requirement.

Third, the applicant's interest will not be "adequately represented by existing parties." The City of Boulder and city council in the first action decided not to appeal the district court decision. The intervenors therefore had no one to protect their interests through an appeal. *See Allison v. People,* 132 Colo. 156, 286 P.2d 1102 (1955); *Crawford v. McLaughlin,* 172 Colo. 366, 473 P.2d 725 (1970); and 7(a) C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1916 (1972). The intervenors-appellants accordingly met all three of the requirements for intervention of right.

## II.

We now proceed to discuss the merits of the district court's judgment in the first action in which the city council was ordered to grant the planned development application. The parties have submitted their briefs and have orally argued on the merits. The intervenors-appellants contend that the denial of the application was the result of legislative action, and therefore, not subject to review by the trial court under C.R.C.P. 106(a)(4).

As was mentioned previously in this opinion, the planned development ordinance involved in these appeals has been repealed and in its place, the city of Boulder has enacted a substantially different planned development ordinance. Consequently, our analysis and rulings herein are restricted to the ordinance which was in effect when the issues herein arose. We will refer to the ordinance involved here as the "repealed ordinance."

At this point, we note that many planned development ordinances represent a modern concept in progressive municipal planning. Usually, such ordinances, in effect, provide for the rezoning of a relatively small area within a large zoned area. Such rezoning may be approved but only if a number of

specified conditions exist, if certain procedures are followed, and if various standards are met. Even though rezoning is involved, the concept is novel to traditional zoning or rezoning. *R. Anderson, American Law of Zoning,* § 5.16 and § 8.38.

The traditional view of zoning or rezoning is that it is essentially a legislative function which would not be subject to review as contemplated by C.R.C.P. 106(a)(4) under which this action was brought. In other words, after hearings and as the result of studies, certain municipal areas as a matter of legislative policy are designated for residential use, some for commercial use, and some for other uses compatible with the objective sought to be achieved by the city. *See Nopro Company v. Town of Cherry Hills Village,* 180 Colo. 217, 504 P.2d 344 (1972).

We are of the view that the repealed ordinance involved here formulated the legislative policy of granting a planned development application if an applicant complied with all the standards, followed its required procedures, and met its various conditions. This repealed ordinance sets forth a comprehensive itemization of mandatory factors which must be incorporated in the planned development. Also, it listed a variety of permissive factors which may or may not be required in a particular planned development depending upon its character or nature.

The formulation of this legislative policy which was accomplished when this repealed ordinance was enacted involved the performance of a legislative function. However, when the city council took upon itself in this ordinance the function of determining whether the legislative requirements and procedures set forth in the repealed ordinance had been met in connection with a planned development application, it was acting as an adjudicative body. Therefore, contrary to the contentions of the appellants, we hold that the trial court properly regarded the city council's function to be administrative or adjudicative in nature when it reviewed applications for approval or non-approval. It was therefore proper for the district court to review the record before the city council to

determine whether any evidence had been presented which would justify the city council's adjudicative decision in denying this application.

### III.

■ After the city council denied their application, the appellees Dillon and Coel sought review of the council decision in the district court pursuant to C.R.C.P. 106(a)(4). By its denial, the council impliedly made the factual finding that the applicants had not satisfactorily fulfilled the standards of the ordinance. The role of the district court on review is to affirm the finding of fact of the council if there is "any competent evidence" in the record to support the findings. *Bauer v. City of Wheat Ridge,* 182 Colo. 324, 513 P.2d 203 (1973), *Civil Service Commission v. Doyle,* 174 Colo. 149, 483 P.2d 380 (1971).

■ The district court in this case had the transcript of the council hearing. The district court complied with C.R.C.P. 106(a)(4) in considering only this record and in refusing to take additional evidence. *Cf. Mountain States Telephone and Telegraph Co. v. PUC,* 182 Colo. 269, 513 P.2d 721 (1973). Also see *K. Davis, Administrative Law* § 29.09 (1958). Upon a review of the record, the district court found that there was no evidence to support the decision of the council. We agree with this holding based upon our examination of this record.

The city council made no actual findings of fact. The district court because of the lack of findings was forced to examine the record in search of any possible basis for the city council's decision. The district court found that there was no evidence to support a denial of the application.

### IV.

In summary, we find that the district court erred when it denied intervention. The intervenors met the requirements of C.R.C.P. 24(a)(2). There is no contention that the city did not adequately protect their interest during the trial. Since the city decided not to appeal the district court decision, intervention is deemed granted solely to prosecute this appeal. Finding intervention proper for the purpose of appeal, we proceeded to the merits. On the merits, we affirm

the decision of the district court in the first action. The appeal in the second action brought by the plaintiffs-appellants raises no new issues of significance. Thus, we need not consider whether the district court was correct in dismissing the plaintiffs-appellants' complaint in the second action; however, for the purpose of finally disposing of this appeal, we also affirm the judgment of the district court in the second case.

Judgments affirmed.

MR. JUSTICE KELLEY concurs in the result only.

MR. JUSTICE GROVES does not participate.

MR. JUSTICE KELLEY, specially concurring:

I agree with the result reached by the majority. However, I disagree with some of the reasoning by which that result was reached.

My disagreement with the opinion of the court involves two closely related propositions. First, Part II of the opinion implies that the planned development ordinance consists of a set of definitive "legislative" standards. Secondly, the opinion states that the city council acted in a legislative capacity when adopting the ordinance, but when reviewing an application it acted in an adjudicative capacity with a ministerial duty to grant the application if the "legislative" standards had been complied with. I believe that both of the above propositions misapprehend the meaning and operation of the planned development ordinance before us in this case and invite unwarranted judicial interference in local zoning.

It is clear, as stated in the opinion, that planned development ordinances represent a modern concept in city planning. It is, in fact, a new zoning device developed to provide for flexibility in zoning. In order to achieve this end Boulder adopted an ordinance in which broad standards were established to guide the city council in permitting planned developments with "compatible uses in harmony with surrounding neighborhoods." Provision was made in the ordinance for notice and public hearings at every stage of the application process. The council was empowered to attach

conditions to the planned development to bring it into harmony with the adjacent neighborhood.

The court's reasoning is not compatible with the planned unit development concept expressed in the ordinance as I interpret it. The "legislative" standards are phrased in broad terms to allow flexibility in rezoning. The standards themselves are flexible and consequently call upon the city council to exercise its discretion as it must in any other legislative matter. The fact that the council first enacted the planned development ordinance does not foreclose it from acting in a legislative capacity under that ordinance.

I know that it is not the intention of the majority to inhibit the use of this new concept in zoning, but I fear that some of the language of the opinion may discourage municipalities looking in that direction.