538 P.2d 496 (1975)
INTERLADCO, INC., a corporation, et al., Plaintiffs-Appellees,
v.
Glen K. BILLINGS et al., Defendants-Appellants.
No. 74-316.
Colorado Court of Appeals, Div. I.
April 22, 1975.
Rehearing Denied June 10, 1975.
Hammond & Chilson, John H. Chilson, Loveland, Saunders, Snyder & Ross, P. C., Glenn G. Saunders, Denver, for plaintiffs-appellees.
Cooke, Gilles & Schaefer, Ronald Lee Cooke, Denver, Telep & Connell, Samuel S. Telep, Greeley, for defendants-appellants.
Not Selected for Official Publication.
*497 COYTE, Judge.
Plaintiff Interladco, Inc., brought this action against defendants alleging a claim for relief pursuant to C.R.C.P. 106(a)(4), to review a decision of the defendant Board of County Commissioners denying approval of a final subdivision plat of Interladco, Inc., in Weld County, Colorado, and in a second claim for relief asked for damages against defendants in the amount of $85,000. Lennart and Gladys Mellin were joined as parties plaintiff because they had an equitable interest in the property sought to be subdivided.
The case was tried to the court on the record certified from the planning commission and Board of County Commissioners and on oral testimony. At the conclusion of the trial, the court entered judgment ordering the county commissioners to approve the plat and reserved the question of damages for future consideration. Defendants appeal contending that the court erred in reserving the question of damages, in allowing oral testimony at the trial, in reviewing the record of the Weld County Planning Commission, in finding that the Weld County Planning Commission participated in a plan to evade the provisions of the Weld County zoning resolutions, and in finding that the Board of County Commissioners abused its discretion in denying plaintiffs' final plat. We affirm the judgment.
We do not address ourselves to the propriety of joining a claim for damages in this proceeding with the C.R.C.P. 106 proceedings. At trial, defendants' attorney had contended before the trial court that damages have no part in a C.R.C.P. 106 proceeding and plaintiffs' attorney had requested that the damages issue be separated from the rest of the case. No evidence on the question of damages was introduced. The trial court, on supporting evidence, found that the parties had agreed to proceed to trial on the issues raised on the first claim, and it then directed the entry of a final judgment with respect to the first claim only, and stated that no action was taken at that time on the second claim because "there is no just reason for delay in entering judgment on the first claim." This was sufficient compliance with C.R. C.P. 54(b) so that there is a final judgment on the first claim which can be appealed, but any issues relative to the damages claim are not within the scope of that judgment.
Because of the nature of plaintiffs' first claim in requesting a review of the actions of the Weld County Planning Commission and the Board of County Commissioners and the individual members of the board in their refusal to approve the final plat of plaintiffs' land, the trial court allowed plaintiffs to present oral testimony to the court in addition to the record of proceedings made before the planning commission and Board of County Commissioners. See Morris v. Board of County Commissioners, 150 Colo. 33, 370 P.2d 438, and Regennitter v. Fowler, 132 Colo. 489, 290 P.2d 223. Defendants contend that the court erred in allowing this oral testimony, particularly when the issue of damages had been separated from the C.R.C.P. 106 proceedings. If it were error, it was harmless error, since the record certified from the planning commission and the Board of County Commissioners contained sufficient evidence to show that the Board of County Commissioners abused its discretion and the trial court specifically found that its findings were based on this record.
The critical findings of the trial court were that:
"The record of proceedings before the Weld County Planning Commission and the Weld County Board of County Commissioners show an unmistakable and deliberate plan among the members of both boards to evade the provisions of the zoning regulations and prevent Plaintiffs from using their property for single-family residences for which the property was zoned. These records also show that the Defendants endeavored to arrange their rulings and proceedings in such a way as to present an endless succession *498 of administrative procedures so that Plaintiffs could not receive redress at the hands of the judicial branch of the government of Colorado by virtue of the legal technicality of never having been able to exhaust their administrative remedies, despite the fact that the Plaintiffs met all legal requirements imposed upon them."

. . . . . .
"It is apparent from the record that the Board of County Commissioners abandoned the proper issues and denied approval on considerations totally outside the scope of proper inquiry."
Although under C.R.C.P. 106, the role of review of the district court "shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion," Bauer v. Wheat Ridge, Colo., 513 P.2d 203, we find no error in the findings and judgment entered here.
The circumstances evident here fall within the ambit of the principles stated in Western Paving Construction Co. v. Board of County Commissioners, Colo., 506 P.2d 1230. There, in reversing a board of county commissioners' denial of a permit for extraction of sand and gravel, the Supreme Court ruled that:
"[W]hen the matter is permitted by right in the zone created and either through an environmental concern or a change of circumstances the use is incompatible with prior usage, the proper procedure is to amend the zoning resolution.. . . If the use is permitted within the zone, then it is impossible to not be in harmony. It is apparent from the record that the Board abandoned the proper issues and struck the application on considerations totally outside the scope of proper inquiry. . . .
"`Courts are not to be impotent, stand idly by, and allow unrestricted exercise of authority by Boards, not granted by statute or permit the arbitrary and unjustified exercise of discretion.'"
Similar principles were utilized to produce a like result in Bauer v. City of Wheat Ridge, supra, and see also Green v. Castle Concrete Co., Colo., 509 P.2d 588.
Where there is no evidence in the proceedings before the Board of County Commissioners to support its decision, the same is not binding on the trial court or on this court. Martinez v. Industrial Commission, 32 Colo.App. 270, 511 P.2d 921.
The record clearly demonstrates that the planning director for Weld County and the membership comprising the planning commission and the Board of County Commissioners did not want a development of single-family residences isolated from other developed urban areas, even though their subdivision regulations had no such restrictions. They met and planned, not only for the purpose of thwarting plaintiffs in their efforts to have their subdivision approved, but also to devise means to defeat plaintiffs' attempt to obtain F.H.A. approval as well as plaintiffs' efforts to meet Weld County's water requirements. We cannot escape the conclusion that the deliberate delays caused by defendants were solely to obstruct, in any manner possible, a final approval of the subdivision.
The record also clearly shows that plaintiffs presented a plat for approval which met all the pertinent requirements of the subdivision regulations then in effect, but that the Board of County Commissioners, because of their personal whims, nevertheless refused to approve the plat. Such abuse of discretion will not be tolerated.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.