**G. F. GRANT and Skyland Inc., a Colorado Corporation, Petitioners,**

v.

**The DISTRICT COURT In and For the COUNTY OF FREMONT and State of Colorado and the Honorable John Anderson, a Judge of said Court, Respondents,**

**The City of Canon City and the City Council of the City of Canon City, Respondents-Real Parties in Interest.**

**No. 81SA264.**

Supreme Court of Colorado, En Banc.

Oct. 13, 1981.

Trott, Kunstle & Hughes, P. C., M. Stephen Kautz, Colorado Springs, for petitioners.

Hon. John Anderson, pro se.

Roger M. Breyfogle, City Atty., Canon City, for respondents-real parties in interest.

LOHR, Justice.

The petitioners, G.F. Grant and Skyland, Inc., seek relief in the nature of mandamus pursuant to C.A.R. 21. They contend that the trial court erred in dismissing the two claims for relief in their complaint which seek C.R.C.P. 106(a)(4) review of a zoning ordinance adopted by Canon City, Colorado, and request reinstatement of those claims. We issued a rule to show cause why the requested relief should not be granted and now make that rule absolute.

On May 19, 1981, the petitioners filed a verified complaint in the Fremont County District Court challenging the validity of a city-wide zoning ordinance adopted by Canon City on April 20, 1981, which replaced an earlier zoning ordinance. The complaint states four claims for relief, the first two

under C.R.C.P. 106(a)(4) and the latter two under C.R.C.P. 57. At the time of filing, the petitioners also sought the issuance of an order to show cause why the new zoning ordinance should not be declared invalid, and to certify the record pursuant to C.R.C.P. 106(a)(4). The respondent court took the motion under advisement, and, on May 29, 1981, issued an order on its own motion dismissing the petitioners' first and second claims for relief. Relying upon *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975), the court reasoned that in enacting its new zoning ordinance Canon City had exercised a legislative rather than a judicial or quasi-judicial function. It consequently concluded, "On the face of the pleading Plaintiffs are not entitled to Rule 106(a)(4) review."

The legal standards underlying the present dispute are well established. If the Canon City Council's adoption of the April 20, 1981, zoning ordinance constituted judicial or quasi-judicial action and review of the record would be an effective remedy, then the petitioners' exclusive avenue of review is provided by C.R.C.P. 106(a)(4). *E. g., Norby v. Boulder*, 195 Colo. 231, 577 P.2d 277 (1978); *Corper v. Denver*, 191 Colo. 252, 552 P.2d 13 (1976); *Snyder v. Lakewood, supra.* Conversely, review pursuant to C.R.C.P. 57 is the appropriate procedure where C.R.C.P. 106(a)(4) relief is unavailable because the challenged action is legislative or because review of the record is an insufficient remedy. *See e. g., Snyder v. Lakewood, supra; Ford Leasing Development Co. v. Board of County Commissioners*, 186 Colo. 418, 528 P.2d 237 (1974); *Regennitter v. Fowler*, 132 Colo. 489, 290 P.2d 223 (1955). The criteria used to determine on which side of the line a particular zoning challenge falls have also been repeatedly and consistently stated. *See Corper v. Denver, supra; Snyder v. Lakewood, supra.*

As the instant case demonstrates, however, application of these criteria is a more formidable task. The petitioners center their attention on the appropriateness of C.R.C.P. 106(a)(4) review, contending that the present case requires an important and novel application of the *Snyder* rule in the context of a comprehensive rezoning ordinance. We find, however, that consideration of this question is both unnecessary and unwise at this stage of the proceedings.

The trial court's action in dismissing the C.R.C.P. 106(a)(4) claims for relief was precipitous. The order was entered on the court's own motion and it was, therefore, uninformed by the facts and argument normally provided by the adversary process. Indeed, the dismissal was entered before the defendants had been served. More importantly, the court acted without considering the record of the city council proceedings relevant to the rezoning of the petitioners' property. We cannot predict whether that record would alter the court's conclusion, but it is sufficient that the possibility exists.[1]

Because of the substantial hardship that would be imposed if the petitioners are deprived of an appropriate avenue of review or are forced to proceed on an improper basis, the trial court erred in not allowing a fuller development of the record and the contentions of the parties prior to consideration of the appropriateness of review under C.R.C.P. 106(a)(4). The action taken does not serve the interests of efficiency or finality and may in fact undercut those goals if consideration of a more fully developed record reveals the court's original conclusion to be erroneous. This is not a petition which "shows on its face that no relief could be granted." *Berry v. State Board of Parole*, 148 Colo. 547, 367 P.2d 338 (1961) *cert. denied* 370 U.S. 927, 82 S.Ct. 1569, 8 L.Ed.2d 507 (1962). The trial court's action was therefore premature.

The rule is made absolute.

---

1. Although it appears that the April 20 zoning ordinance was a comprehensive rezoning ordinance of general applicability, the complaint avers that there has been a continuing controversy between the petitioners and the city council over the zoning of petitioners' land. Whether this was a factor in the April 20 zoning cannot be determined in the absence of the record.