**DENVER FEED COMPANY, a Colorado corporation, Plaintiff-Appellant,**

v.

**CITY OF COMMERCE CITY; D.L. Wilson, Individually and as Finance Director of the City of Commerce City; and Lee A. Matoush, Individually, and as Sales Tax Auditor for the City of Commerce City, Defendants-Appellees.**

No. 84CA0323.

Colorado Court of Appeals, Div. III.

May 16, 1985.

Martin Zerobnick, P.C., Martin Zerobnick, Richard G. Sander, Denver, for plaintiff-appellant.

Gehler & Merrigan, Robert R. Gehler, Commerce City, for defendants-appellees.

METZGER, Judge.

Plaintiff, Denver Feed Company, appeals the trial court's determination, in a C.R.C.P. 106(a)(4) proceeding, that defendant, Commerce City, correctly determined sales and use tax owed by Denver Feed relative to its construction of a feed mill building. Denver Feed asserts that the tax assessment was not supported by competent evidence, was arbitrary and capricious, and was beyond Commerce City's authority. We reverse and remand for further proceedings.

Denver Feed entered into a contract for a completely equipped feed mill building to be erected in Commerce City. When applying for the required building permit, the construction contractor, Hough Brothers, Inc., opted for the "actual basis" determination of sales and use taxes due, rather than the "estimated percentage basis" determination. This election was specifically allowed under Commerce City Sales and Use Tax Code § 18–6–5.

An audit of the books and records of Denver Feed, conducted by Commerce City for the period of September 1, 1979, through August 31, 1982, revealed a tax deficiency. Hearings were held pursuant to the Commerce City Sales and Use Tax Code, and the hearing officer upheld the additional sales and use tax assessed by the city's auditor and imposed a penalty based upon the estimated percentage basis. Denver Feed then instituted this C.R.C.P. 106 action. Upon review, the district court determined that imposition of a penalty against Denver Feed was improper, but affirmed the city's action on all other issues.

## I.

Denver Feed contends that Commerce City acted "arbitrarily and capriciously" when, contrary to Denver Feed's election, it used the "estimated value" method instead of the "actual value" method of computing the sales and use tax due. We agree.

A taxing authority may assess and collect taxes only within the express authority conferred by law. *Michigan Trust Co. v. City of Grand Rapids*, 262 Mich. 547, 247 N.W. 744, 89 A.L.R. 840 (1933). In particular, a municipality's powers of taxation can be lawfully exercised only in strict conformity to terms by which they are given. *Caulfield v. Noble*, 178 Conn. 81, 420 A.2d 1160 (1979).

The Commerce City Sales and Use Tax Code § 18–6–5 and Regulation 18–8.1.15 provide two ways for paying sales and use taxes in connection with a construction project—the "actual basis" or the "estimated percentage basis." The general contractor may elect either method on the building permit application. Here, the city manager upheld sales and use taxes based on the "estimated percentage basis" method even though the contractor had clearly elected to have the tax computed on an "actual basis" method. There is nothing in the city's tax code which allows the city to make a new election for the taxpayer or to override a taxpayer's election.

Commerce City argues that, inasmuch as neither the contractor nor Denver Feed provided sufficient records to support the selection of the "actual basis" method, it was justified in applying the estimated percentage method of determining the taxes due. However, where the tax code clearly allows the election of the method of paying taxes, and does not provide criteria for overruling this election, the taxing authority cannot arbitrarily establish criteria for the withdrawal of the election. *See Bauer v. City of Wheat Ridge*, 182 Colo. 324, 513 P.2d 203 (1973). Moreover, the uncontradicted evidence shows that Commerce City had full and complete access to the books and records of both Denver Feed and its contractor.

Therefore, since neither competent evidence nor legal justification exists to support the city's action, the trial court erred in upholding it.

## II.

Denver Feed next contends that the trial court erred in concluding that Commerce City did not act arbitrarily and capriciously in assessing Denver Feed's municipal sales and use taxes based upon its federal income tax depreciation schedule. We agree.

All construction within the city limits is taxable, and this tax is assessed against and is to be paid by the contractor. The owner is liable only in the event the contractor "fail[s] or refuse[s] to make any return due." *See* Commerce City Sales and Use Tax Code Regulation 18–5.1.15. The taxes to be paid are assessed on the following bases: (1) Materials: the cost to the contractor, includes processing or fabricating; (2) Fixtures: the retail selling price, including any processing or fabrication; and (3) Machinery and Equipment: total sales price of the machinery and equipment installed in the building, but the tax does not apply to installation charges separately stated. *See* Commerce City Sales and Use Tax Code Regulation 18–5.1.15.

Here, the taxing authority arbitrarily used Denver Feed's federal income tax depreciation schedule which includes labor and other costs that, under the city's regulations, are not includable in determining the sales and use taxes due. Under the city's regulations, the tax is based on the contractor's costs, not the owner's. Thus, although the owner may be ultimately liable, the use of his federal depreciation schedules is an inaccurate measure of the contractor's retail costs for material, fixtures, and machinery.

Furthermore, the record shows that the city's auditor was not denied access to Denver Feed's financial records. Therefore, there is no competent evidence supporting the city's use of Denver Feed's federal

income tax depreciation schedule to compute sales and use taxes.

The judgment of the district court is reversed, except as to its holding denying imposition of a penalty, and the cause is remanded to the District Court with directions to remand to the Commerce City taxing authority for recomputation of the tax consistent with the views expressed herein.

STERNBERG and TURSI, JJ., concur.