MR. JUSTICE CARR1GAN
delivered the opinion of the Court.
The appellant accumulated twenty-two points against his driver’s license within a twenty-four month period. Pursuant to section 42-2-123(l)(a); which authorizes suspending the license of any driver who accumulates eighteen points within twenty-four months, a Department of Revenue hearing officer suspended the appellant’s license for six months. His request for a probationary license was denied. See section 42-2-123(11), C.R.S. 1973. Appellant then sought judicial review as provided in section 42-2-127, C.R.S. 1973. The district court dismissed the appellant’s complaint and affirmed the department’s action.
I.
The appellant first contends that the probationary licensing portion of section 42-2-123(11), C.R.S. 1973, is an unconstitutional delegation of legislative power. This question is controlled by our opinion in *171 Elizondo v. State, 194 Colo. 113, 570 P.2d 518. Accordingly, the suspension of the appellant’s license is affirmed. The action, however, must be remanded to the department for a new hearing, to be held after issuance of the administrative guidelines required by our Elizondo opinion, in order to determine whether the appellant should be granted a probationary license.
II.
The appellant asked the district court to order the department to provide, for his use in the district court appeal, a transcript of the proceedings before the hearing officer. The court, however, affirmed the hearing officer’s decision without ordering the transcript, and the appellant argues that this was reversible error. Since we are remanding the case for a new hearing, we do not need to reach this point. However, for the guidance of parties in future actions of this nature, we note that section 24-4-105(13), C.R.S. 1973 (1976 Supp.),[1] provides that a party seeking to reverse a hearing officer’s decision may, at his or her own expense, order a hearing transcript from the agency involved. Although the statutory language is not clear, that section apparently contemplates that the party desiring the transcript may order it directly from the agency, and a court order, as requested in this case, would not be necessary absent agency refusal. If such a transcript is ordered, paid for, and made part of the record on appeal, the reviewing court is required to consider it. Section 24-4-106(7), C.R.S. 1973.
We therefore affirm in part, reverse in part, and remand for a new hearing consistent with this opinion and our opinion in Elizondo v. State, supra.
MR. JUSTICE LEE does not participate.

Section 24-4-105(13), C.R.S. 1973 reads: “The hearing officer shall cause the proceedings to be recorded by a reporter or by an electronic recording device. When required, the hearing officer shall cause the proceedings, or any portion thereof, to be transcribed, the cost thereof to be paid by the agency when it orders the transcription or by any party seeking to reverse or modify an initial decision of the hearing officer. If the agency acquires a copy of the transcript of the proceedings, its copy of the transcription shall be made available to any party at reasonable times for inspection and study.”