JUSTICE ROVIRA
delivered the opinion of the Court.
The People brought this original proceeding pursuant to C.A.R. 21, seeking relief in the nature of prohibition. We issued a rule to show cause and now make the rule absolute, granting relief as explained more fully below.
A full exposition of the proceedings before the respondent court, which have extended over a period of nearly four years, is necessary. On *67 May 18, 1976, the driver’s license of Victor Ralph Binkley (“Binkley”) was revoked by the Department of Revenue (“department”) pursuant to the “implied consent” statute. The revocation occurred after a hearing at which testimonial and documentary evidence was received by the department’s hearing officer. See section 42-4-1202(3)(e), C.R.S. 1973[1] Immediately thereafter, Binkley filed a petition in the respondent court pursuant to C.R.C.P. 106(a)(4), challenging the revocation of his license on procedural and substantive grounds and alleging that the revocation would result in irreparable injury to him because of impending loss of employment.
On May 19, 1976, the respondent court specifically found that irreparable injury would result to Binkley if his license were not restored, and stayed the revocation pending resolution of the issues raised in Binkley’s petition. The court issued a citation directing the department to show cause why the revocation should not be permanently stayed. The department was also ordered to submit to the court, on or before June 21, 1976, “the complete records of the proceedings, including a transcript of all the testimony, files, records, exhibits and affidavits, in possession of the [department]”.
The department responded by motion on June 12, 1976, alleging that Binkley’s petition under C.R.C.P. 106(a)(4) had “fail[ed] to state a claim upon which relief can be granted.” The record before us indicates that the department submitted the “records” pertaining to the revocation of Bink-ley’s driver’s license, but that a transcript of the May 18, 1976, hearing was not included in the materials submitted to the court. The department requested that, “pursuant to . . . 24-4-106, C.R.S. 1973, as amended, this court limit its review to the record pertaining to the subject matter of this action.”
On December 8, 1977, after a delay of nearly eighteen months, Bink-ley filed a motion in the respondent court, seeking a default judgment on the grounds that the department had failed to submit a transcript of the May 18, 1976, hearing. In response, the department moved to vacate the May 19, 1976, citation to show cause, asserting that the availability of judicial review under the “State Administrative Procedure Act” (see section 24-4-106, C.R.S. 1973 (Vol. 10 & 1979 Supp.)) precluded Binkley’s challenge pursuant to C.R.C.P. 106(a)(4).
On December 22, 1977, the respondent court accepted the department’s arguments and dismissed the case. The court held that “[t]he exclusive remedy for judicial review of a license [revocation] . . . lies under C.R.S. 1973, 24-4-106, which provides a plain, speedy and adequate remedy at law.”
*68 Binkley then sought to amend his petition in order to come within section 24-4-106. On March 13, 1978, however, the respondent court reversed its previous ruling concerning the relationship between C.R.C.P. 106(a)(4) and section 24-4-106. The court held that Binkley: “properly brought [his] . . . appeal in the instant action under Rule 106(a)(4) and . . . furthermore, C.R.S. § 24-4-106 is not the exclusive remedy relative to appeal to the District Court of decisions by the Department of [Revenue] ....
“Because of this finding, the question of whether [Binkley] . . . can amend his complaint is moot.”
The court reinstated the May 19, 1976, citation to show cause but did not set a return date for submission of the record by the department.
No further action was taken for a period of more than twenty-two months. On January 29, 1980, the respondent court, on its own motion, set a return date for submission of the record by the department. That date was subsequently continued to March 11, 1980, and the People instituted this action under C.A.R. 21, seeking an order prohibiting the respondent court from proceeding further in this case.
I.
The department contends that the “State Administrative Procedure Act” and, specifically, section 24-4-106, C.R.S. 1973 (Vol. 10 & 1979 Supp.), constitute the exclusive means through which Binkley may seek judicial review of the revocation of his driver’s license. We agree.
Binkley’s license was revoked pursuant to the “implied consent” statute, which provides (in section 42-4-1202(3)(f), C.R.S. 1973) that “the person whose license has been revoked . . . shall have the right to file a petition for judicial review in the appropriate court in accordance with section 42-2-127.” Section 42-2-127, C.R.S. 1973, in turn, provides for “judicial review in accordance with section 24-4-106, C.R.S. 1973.” Binkley was only authorized to seek judicial review pursuant to section 24-4-106 of the “State Administrative Procedure Act.”
Had Binkley proceeded under section 24-4-106, the temporary relief provided by the respondent court (i.e., the stay of revocation pending resolution of the issues raised in Binkley’s petition) would have been available under section 24-4-106(5), C.R.S. 1973. That statute provides as follows: “Upon a finding that irreparable injury would otherwise result, the agency, upon application therefor, shall postpone the effective date of the agency action pending judicial review, or the reviewing court, upon application therefor and regardless of whether such an application previously has been made to or denied by any agency, and upon such terms and upon such security, if any, as the court shall find necessary and order, shall issue all necessary and appropriate process to postpone the effective date of the agency action or to preserve the rights of the parties pending conclusion of the review proceedings.”
*69 In contrast, district court review under C.R.C.P. 106(a)(4) is limited to those situations in which: (a) an inferior tribunal has exceeded its jurisdiction or abused its discretion when acting in a judicial or quasi-judicial capacity; and (b) “there is no plain, speedy and adequate remedy” otherwise available to the party challenging the action of the inferior tribunal. In this case, Binkley did not demonstrate to the respondent court that judicial review under section 24-4-106 did not constitute such a “plain, speedy and adequate remedy.”
The respondent court, therefore, acted correctly on December 22, 1977, when it dismissed Binkley’s petition for failure to proceed under section 24-4-106. Correspondingly, the court erred on March 13, 1978, when it reinstated the petition brought under C.R.C.P. 106(a)(4). Cf. Vigil v. Industrial Commission, 160 Colo. 23, 413 P.2d 904 (1966) (statutorily-prescribed judicial review of final action of Industrial Commission held not inadequate for purposes of C.R.C.P 106(a)(4), and, therefore, statutory review constituted the “sole remedy for this claimant’s cause of action”); Theobald v. District Court, 148 Colo. 466, 366 P.2d 563 (1961) (temporary relief, pending judicial review, from a final order revoking a driver’s license must be granted according to the criterion set forth in the predecessor to section 24-4-106(5), C.R.S. 1973).
II.
The second issue presented in this original proceeding is whether Binkley should have been allowed to amend his original petition in such a manner as to come within the provisions of the “State Administrative Procedure Act.” A review of the allegations contained in that petition indicates that the sole amendment required to bring Binkley’s cause of action within the Act would have been deletion of the mistaken reference to C.R.C.P. 106(a)(4) as the basis for the respondent court’s jurisdiction, and substitution of a reference to section 24-4-106, C.R.S. 1973 (Vol. 10 & 1979 Supp.). In all other respects, the petition stated a cause of action under section 24-4-106.
The propriety of amendments to pleadings in actions for judicial review under section 24-4-106 is governed by the rules of civil procedure' (See section 24-4-106(4), C.R.S. 1973 (1979 Supp.)), and in our view, the above-described amendment to Binkley’s petition should have been allowed pursuant to C.R.C.P. 15(a). See Tihonovich v. Williams, 196 Colo. 144, 582 P.2d 1051 (1978); Regennitter v. Fowler, 132 Colo. 489, 290 P.2d 223 (1955).
III.
The third question presented for our review is whether the amendment discussed in Part II of this opinion, supra, “relates back” to May 19, 1976, the date on which Binkley lodged his original petition under C.R.C.P. 106(a)(4) in the respondent court. The resolution of this question is crucial for purposes of section 24-4-106(4), C.R.S. 1973, which *70 placed a limitation of sixty days on the period within which Binkley may seek judicial review of the department’s final order revoking his license.[2] Binkley’s original petition under C.R.C.P. 106(a)(4) was lodged one day after the entry of the order of revocation, well within this sixty-day limitations period. However, Binkley did not seek to amend the petition to come within the “State Administrative Procedure Act” until at least nineteen months after the final agency action, i.e., until after December 22, 1977, when the respondent court dismissed his original petition.
This issue is governed by the rules of civil procedure. See section 24-4-106(4), C.R.S. 1973 (1979 Supp.). C.R.C.P. 15(c) provides that an amended pleading “relates back” to the date of the original pleading “[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.” Since the sole amendment required to bring Binkley’s original petition within the “State Administrative Procedure Act” is the substitution of a reference to section 24-4-106, C.R.S. 1973 (Vol. 10 & 1979 Supp.) for the mistaken reference to C.R.C.P. 106(a)(4), the pleading, if so amended, would state a claim for judicial review identical in all substantive respects to that stated in Binkley’s original petition. In these circumstances, the amendment “relates back” to May 19, 1976, and is therefore within the applicable limitations period. This result has been reached in similar cases dealing with the federal counterpart to C.R.C.P. 15(c). Glover v. City of New York, 446 F.Supp. 110 (E.D.N.Y. 1978); Tankrederiet Gefion A/S v. United States, 241 F.Supp. 83 (E.D. Mich. 1964). Accord, 6 C.A. Wright & A. Miller, Federal Practice and Procedure § 1497 (1971).[3]
IV.
An appellant is required to order and pay for a transcript of an administrative hearing in order to make it part of the record for purposes of judicial review under section 24-4-106. See section 24-4-105(13), C.R.S. 1973 (1979 Supp.); Loesch v. State, 194 Colo. 169, 570 P.2d 530 (1977). However, in their brief filed with this court, the People have indicated that it will be impossible for Binkley to fulfill this requirement if further proceedings are ordered on remand. Pursuant to what the People characterize as routine administrative practice, the department destroyed the tape recording of the May 18, 1976, hearing when sixty days had passed after that hearing and no action for judicial review had been *71 instituted under section 24-4-106.
In further proceedings on remand, Binkley may request that the respondent court make specific findings as to the circumstances in which the recording was destroyed. If the court finds, as alleged by the People, that the recording was destroyed pursuant to routine administrative practice, it must limit its review under section 24-4-106(7), C.R.S. 1973, to the materials which were submitted to the court by the department on June 12, 1976. Alternately, the evidence before the respondent court may show that spoliation of the recording has occurred, i.e., that: (a) the tape recording in question was in existence and in the control of the department; (b) the recording would have been admissible, after transcription, as part of the record in an action for judicial review under section 24-4-106; and (c) the department destroyed the recording intentionally, for the purpose of preventing its transcription and production on judicial review. If the respondent court determines that spoliation has occurred, it must entertain a rebuttable presumption that, had the recording been properly transcribed and submitted for review, it would have supported the factual allegations concerning the May 18, 1976, hearing made by Binkley in his original pleading. See Richardson v. Richardson, 124 Colo. 240, 236 P.2d 121 (1951); In re Holmes’ Estate, 98 Colo. 360, 56 P.2d 1333 (1936); Vick v. Texas Employment Commission, 514 F.2d 734 (5th Cir. 1975); State v. Langlet, 283 N.W.2d 330 (Iowa 1979); McCormick, Handbook of the Law of Evidence § 283 (2d ed. E. Cleary 1972).
V.
The rule is made absolute, and this cause is remanded to the respondent court with directions: (1) to permit Binkley to amend his original pleading as described in Part II of this opinion, supra; and (2) to review the revocation of Binkley’s driver’s license pursuant to section 24-4-106, C.R.S. 1973 (Vol. 10 & 1979 Supp.), consistent with this opinion.
Rule made absolute.
JUSTICE LEE does not participate.

 Section 42-4-1202(3) (e) was amended subsequent to the date on which Binkley’s license was revoked. See section 42-4-1202(3)(e), C.R.S. 1973 (1979 Supp.).

 Effective May 24, 1976, after Binkley’s right to seek judicial review of the revocation of his driver’s license had accrued, section 24-4-106(4) was amended to reduce the applicable limitations period from sixty to thirty days. See section 24-4-106(4), C.R.S. 1973 (1979 Supp.).

 We specifically disapprove Frankmore v. Board of Education, 41 Colo. App. 416, 589 P.2d 1375 (1978), to the extent that it implies that an amendment to a pleading which serves only to correct an incorrect reference to the basis for a reviewing court’s jurisdiction cannot “relate back” under C.R.C.P. 15(c).