Perry HARRIS, President of the
Colorado Motor Vehicle Dealer
Licensing Board, Petitioner,

v.

DISTRICT COURT, SECOND JUDICIAL
DISTRICT and the Honorable Roger
Cisneros, Judge, Respondents.

No. 82SA375.

Supreme Court of Colorado,
En Banc.

Dec. 13, 1982.

J. D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Maurice Knaizer, Asst. Atty. Gen., General Legal Services Section, Denver, for petitioner.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Denver, for respondents.

DUBOFSKY, Justice.

Perry Harris, president of the Colorado Motor Vehicle Dealer Licensing Board, brought this original proceeding under C.A.R. 21 seeking relief in the nature of prohibition. We issued a rule to show cause why the respondent district court's order denying the petitioner's motions to supply a correct record for review under the State Administrative Procedure Act, section 24–4–106, C.R.S.1973 (1982 Repl.Vol. 10) should not be vacated. We now make the rule absolute.

On August 26, 1981, the Motor Vehicle Dealer Licensing Board (Board) suspended the motor vehicle dealer's license of Bedford Motors, Inc., doing business as Highland Chevrolet, Inc. and Mike Flannery Chevrolet, Inc. (Bedford Motors) for ten business days beginning September 8, 1981, but held the suspension in abeyance for the final seven days conditioned upon Bedford Motors' satisfactory completion of a one-year probation period. The Board adopted the hearing officer's findings of fact and conclusions of law that Bedford Motors had violated section 12–6–118(3)(k), C.R.S.1973 [1] by advertising for sale automobiles which already had been sold for an amount greater than the advertised price before the advertisement was placed. The hearing before the hearing officer had been conducted on December 30, 1980.

Bedford Motors filed an undated Petition to Have Suspension of Motor Vehicle Dealer's License Set Aside and Petition for Injunctive Relief with the Denver district court. The petition did not allege a basis under either C.R.C.P. 106(a)(4) or the State Administrative Procedure Act, section 24–4–106, C.R.S.1973 (1982 Repl.Vol. 10) for the relief sought.[2] On September 4, 1981, the district court ex parte found that suspension of the dealer's license would irreparably injure Bedford Motors, stayed the suspension, and directed Harris [3] to certify the records of the proceedings before the Board by October 5, 1981, at Bedford Motors' expense. On October 5, the Board filed a motion to dismiss the action and vacate the stay, primarily for failure of Bedford Motors to comply with the judicial review provisions of the Administrative Procedure Act. On October 5, the Board also filed an answer to Bedford Motors' initial petition and attached the order of the Motor Vehicle Dealer Licensing Board suspending Bedford Motors' license and the findings of fact, conclusions and recommendations of the hearing officer.

On October 15, 1981, Bedford Motors designated the following record: transcripts of the hearing before the hearing officer on December 30, 1980, and of the hearing before the Board on July 8, 1981; [4] certification that the hearing officer ruled on all motions presented; copies of certain exhibits; and "[a]ny complaints, statements or

1. Section 12–6–118(3)(k) provides:

"(3) A motor vehicle dealer's ... license may be denied, suspended, or revoked on the following grounds:

(k) To intentionally publish or circulate any advertising which is misleading or inaccurate in any material particular or which misrepresents any of the products sold or furnished by a licensed dealer; ..."

2. Section 12–6–119, C.R.S.1973 provides that judicial review of the suspension of a motor vehicle dealer's license may be had in accordance with section 24–4–106, C.R.S.1973. Section 24–4–106 is the exclusive means through which Bedford Motors could seek judicial review of the suspension of its motor vehicle dealer's license. *People v. District Court,* 200 Colo. 65, 612 P.2d 87 (1980).

3. Section 24–4–106(4), C.R.S.1973 (1982 Repl. Vol. 10) provides that a proceeding for review of agency action "may be brought against the agency by its official title, individuals who comprise the agency, or any person representing the agency or acting on its behalf in the matter sought to be reviewed...." Harris, president of the Board, signed the suspension order against Bedford Motors on behalf of the State of Colorado Motor Vehicle Dealer Licensing Board. We refer to Harris and the Motor Vehicle Dealer Licensing Board collectively in this opinion as the Board.

4. The July 8, 1981 hearing before the Board was tape recorded. Bedford Motors ordered and paid for the transcript of that hearing, and the Board prepared it.

actions brought to the attention of or filed with, or by, the Respondent Board between December 30, 1981 [sic] and August 26, 1981." On November 9, 1981 counsel for the Board wrote a letter to counsel for Bedford Motors providing the name of the private court reporter who transcribed the December 30, 1980 hearing before the hearing officer and the approximate cost of the transcript. On April 6, 1982, the Board filed objections to Bedford Motors' designation of record, specifically objecting to Bedford Motors' request for complaints, statements or actions brought to the attention of or filed with the Board between December 30, 1980 and August 26, 1981, because the items requested were not restricted to issues involving Bedford Motors and were not relevant to judicial review of a matter heard before the complaints could have come to the Board. On the same date, the Board filed a motion to supplement the designation of the record by including all of the items required for judicial review under the Administrative Procedure Act by section 24–4–106(6), C.R.S.1973 (1982 Repl.Vol. 10).[5] The objection and motion were accompanied by a letter from counsel for the Board stating that Bedford Motors had not ordered the transcript of the December 30, 1980 hearing which it had designated as part of the record and informing the court that the documents which the Board believed to be the appropriate record on appeal were certified and ready for submission to the court if the court granted the Board's motion to supplement.

On June 7, 1982, the district court overruled the Board's objection to designation

of the record and denied the motion to supplement. The Board filed a motion to reconsider, and after a hearing on August 12, 1982, the district court denied the motion to reconsider on the basis that the time for the Board to object had passed.[6] It is from this ruling that the Board petitioned for relief, alleging that the district court acted without jurisdiction in permitting only a partial record from the administrative proceeding to be filed, in allowing extraneous documents to be filed, and in failing to require Bedford Motors to order the transcript it had designated as a part of the record.

The district court did not address the substance of the Board's arguments because the court thought that the Board should have raised its objections to the designation earlier. We disagree. Our review of the record discloses procedural irregularities attributable to Bedford Motors which should not prevent the Board from placing a proper record before the district court. The burden of providing the record required under section 24–4–106(6) is upon the agency, but the record specified in the statute does not include a transcript of the proceedings.[7] *Civil Service Commission v. Doyle,* 174 Colo. 149, 483 P.2d 380 (1971).

Counsel for the Board provided Bedford Motors with the necessary information, but Bedford Motors failed to order or pay for a transcript of the December 30, 1980 hearing. Not until April 20, 1982, after the Board had objected to Bedford Motors' designation of record, did Bedford Motors file a motion to compel the Board to provide the matters included in its designation. Appar-

**5.** Section 24–4–106(6) provides:

"In every case of agency action, the record on review, unless otherwise stipulated by the parties, shall include the original or certified copies of all pleadings, applications, evidence, exhibits, and other papers presented to or considered by the agency, rulings upon exceptions, and the decision, findings, and action of the agency. As to alleged errors, omissions, and irregularities in the agency record, evidence may be taken independently by the court."

**6.** The district court found that the Board had waited over ten months to object. Ten months elapsed between the date Bedford Motors filed

its designation of record and the date of the hearing on the Board's motion to reconsider; however, the Board objected to the designation five and a half months after Bedford's filing.

**7.** Contrast *Civil Service Commission v. Doyle, supra* with C.R.C.P. 106(a)(4) which provides:

"... the court may forthwith order the inferior tribunal, or any person having custody of the records of the proceedings described in the complaint, to certify to the court at a specified time and place a transcript of the record and proceedings, or such portion thereof as the court may direct...."

ently, the district court did not rule on the motion to compel.

■ Although counsel for the Board might have objected earlier to Bedford Motors' designation of portions of the record as improper, section 24–4–106(6) does not contain any time limitations on filing a designation of record, objecting to or supplementing the record designated, or filing the record. The Board's delay did not prejudice Bedford Motors because the court had stayed the Board's order of suspension. Consequently, we are unable to find any support for the district court's ruling that the Board's objection to Bedford Motors' designation of record and motion to supplement designation of record was not timely.

■ Although the district court did not consider the substance of the Board's objection to designation of record and supplement to designation of record, the information before us is sufficient for us to resolve the question. The Board objected to the inclusion in the record of any complaints, statements or actions, presumably by any complainant against any motor vehicle dealer, filed with the Board after the administrative hearing in the instant case. We agree with the Board that such complaints could not be considered by the court in reviewing the suspension of Bedford Motors' license under section 24–4–106. Bedford Motors points to the language in section 24–4–106(6) which allows a court to take evidence in an administrative review proceeding "[a]s to alleged errors, omissions, and irregularities in the agency record." However, complaints about other matters filed after the agency hearing upon which the Board based its findings of fact and conclusions of law could not pertain to errors, omissions, and irregularities in the agency record. The district court should have sustained the Board's objection to inclusion in the record of any complaints, statements or actions brought to the attention of the Board between December 30, 1980 and August 26, 1981.

■ As of the date of the hearing on the Board's motion to reconsider, Bedford Mo-

tors had not ordered or paid for the transcript of the administrative hearing on December 30, 1980. The district court directed Bedford Motors to pay for the transcript and seemed to indicate that the Board had the responsibility for ordering the transcript. However, we ruled in a case similar to the one before us, *People v. District Court, supra,* that the party seeking review is "required to order and pay for a transcript of an administrative hearing in order to make it part of the record for purposes of judicial review under section 24–4–106." 612 P.2d at 91; *Loesch v. State,* 194 Colo. 169, 570 P.2d 530 (1977). Therefore, if Bedford Motors wishes to include the transcript of the testimony before the hearing officer in the record on review, it should make the arrangements for transcription with the private shorthand reporter as indicated by counsel for the state.

■ Finally, the Board requested supplementation of the record to include all matters required as a part of the record on review by section 24–4–106(6), including those matters not listed in Bedford Motors' designation of record. The materials had been certified by the agency, and because the parties here had not stipulated to a *record less than that required under section* 24–4–106(6), the court did not have discretion to deny the Board's motion to supplement.

The rule is made absolute, and the case is remanded to the respondent court with directions to sustain the Board's objection to Bedford Motors' designation of matters outside the scope of the agency proceeding as a part of the record; to direct Bedford Motors to order and pay for the transcript of the December 30, 1980 hearing if it wishes it included in the record for review; and to allow the Board to supplement Bedford Motors' designation by filing certified copies with the court of all items listed in the Board's motion to supplement designation of the record.