Katherine SCHAFFER, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, Second Judicial District, and The Honorable John W. Coughlin, One of the Judges Thereof, Respondents.

No. 85SA430.

Supreme Court of Colorado, En Banc.

June 2, 1986.

David G. Kroll, Colorado Rural Legal Services, Greeley, for petitioner.

Judge John W. Coughlin, Denver, pro se.

DUBOFSKY, Justice.

In this original proceeding we directed the respondent district court to show cause why an order should not issue requiring the court to grant the petitioner's motion for waiver of the costs of preparing a transcript of an administrative hearing or to provide comparable relief. We make the rule absolute.

I.

This proceeding arises from the efforts of the petitioner, Katherine Schaffer, to obtain judicial review of the termination of her Medicaid benefits by the Colorado Department of Social Services (the department). On November 16, 1984, Schaffer was admitted to a nursing home following hospitalization for a fractured pelvis. She also suffered from heart problems, vertigo, arthritis, and back pain. Schaffer was certified as eligible for Medicaid assistance by the Colorado Foundation for Medical Care (C.F.M.C.), which has a contract with the department to review the health care needs of Medicaid recipients in skilled nursing homes and intermediate care facilities. C.F.M.C. reviewed Schaffer's continued stay in the nursing home on the basis of a point system designed to measure the severity of her mental and physical disabilities. Unless the recipient achieves a score of 20 points, C.F.M.C. will not recertify the recipient as eligible for Medicaid payment for the costs of the nursing home. In mid-February 1985, C.F.M.C. assigned Schaffer 15 points, a score that resulted in the termination of her Medicaid assistance for skilled nursing home care.

Schaffer appealed the C.F.M.C. decision to a department hearing officer. On Sep-

tember 14, 1985, the hearing officer ruled, on the basis of C.F.M.C. documents and testimony of a person who had not completed the documents, that Schaffer did not need skilled care and affirmed the C.F.M.C. decision. On October 15, 1985, Schaffer filed a petition for judicial review in the Denver district court alleging that the department had presented only hearsay evidence at the administrative hearing and that absent a residuum of direct evidence, hearsay evidence may not be considered by an administrative agency; that the lack of direct evidence presented by the department denied her the right to confront any adverse witness in violation of procedural due process; that the department violated documentation requirements of federal and state Medicaid regulations; that the point system was arbitrary and capricious in violation of due process; and that C.F.M.C. review procedures and guidelines were rules that had not been published and consequently could not be used to terminate Medicaid benefits.

In response to Schaffer's request to proceed in forma pauperis, the chief judge of the Denver district court ordered a waiver of filing fees and court costs under section 13–16–103, 6 C.R.S. (1973). Subsequently, Schaffer filed with the district court a motion to allow a waiver of the estimated $105 cost of preparation of a transcript of the hearing before the department hearing officer, or in the alternative, to permit the record of the hearing to be presented in tape-recorded form or upon stipulated

facts. On November 14, 1985, the district court denied the motion without explanation. In response to our order to show cause, the district court stated: "This Court has been informed the Judicial Department does not have funds to provide a free transcript for Department of Social Services Appeals. For this reason, and this reason alone, this Court denied the Motion to Allow Waiver of Costs of Transcript."

## II.

Section 24–4–106, 10 C.R.S. (1982), of the State Administrative Procedure Act, governs judicial review of the decision of the hearing officer in this case. Section 24–4–106(4) authorizes commencement of proceedings in district court to review agency action at the behest of "any person adversely affected or aggrieved" by such action. Section 24–4–106(6) provides

In every case of agency action, the record on review, unless otherwise stipulated by the parties, shall include the original or certified copies of all pleadings, applications, evidence, exhibits, and other papers presented to or considered by the agency, rulings upon exceptions, and the decision, findings, and action of the agency.

We do not read section 24–4–106(6) as mandating that a complete typewritten transcript of the evidentiary phase of the proceedings before the agency be included as part of the record on review.[1] In *Har-*

---

1. Schaffer assumes that submission of the record to the district court is governed by section 24–4–105, 10 C.R.S. (1982), including subsection (15)(a), which provides that "Any party who seeks to reverse or modify the initial decision of the hearing officer shall promptly file with the agency a designation of the parts of the transcript of the proceedings which shall be prepared and advance the cost therefor." Schaffer overlooks the fact that section 24–4–105(15)(a) applies only to review of the initial decision of a hearing officer by the *agency* involved.

Section 24–4–105(13) provides that "[w]hen required, the hearing officer shall cause the proceedings, or any portion thereof, to be transcribed, the cost thereof to be paid by the agency when it orders the transcription or by any

person seeking to reverse or modify an initial decision of the hearing officer." We do not interpret subsection (13) to be more broadly applicable than its companion subsection (15). Section 24–4–105 applies only to agency hearings; section 24–4–106 governs the requirements for judicial review of the agency decision.

In *Loesch v. Dept. of Revenue,* 194 Colo. 169, 570 P.2d 530 (1977), we assumed in dicta that section 24–4–105(13) applied outside the context of agency hearings and determinations. We reject this aspect of the *Loesch* decision. Likewise we disapprove the statement in *People v. District Court,* 200 Colo. 65, 70, 612 P.2d 87, 91 (1980) that "[a]n appellant is required to order and pay for a transcript of an administrative hearing in order to make it part of the record for purposes of judicial review under section 24–4–106."

*ris v. District Court,* 655 P.2d 398, 400 (Colo.1982), we stated that "[t]he burden of providing the record required under section 24–4–106(6) is upon the agency, but the record specified in the statute does not include a transcript of the proceedings." However, if the petition for judicial review raises issues of an evidentiary nature, the petitioning party has the obligation of submitting to the district court those portions of the evidence that are essential to a meaningful judicial review of the issues raised in the petition.

As this court determined in *Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970), a complete trial transcript is not a prerequisite to effective appellate judicial review in a civil proceeding. The court there noted that C.A.R. 10(c) and (d) provide adequate alternatives—in the form of a statement of the evidence or stipulation of facts—to a transcript in an appeal from a district court. C.A.R. 10(c) and (d) were discussed in the context of the use of the rulemaking power of courts to enhance access to them by "simplifying the requirements for a record." 173 Colo. at 291, 477 P.2d at 796.

■ Schaffer does not insist that relief in the form of a free transcript is essential for judicial review of the challenged administrative decision. She acknowledges that relief may be afforded by a court order permitting an alternative method of providing a record of the administrative proceed-ings. The alternatives she suggests include submission of a statement of stipulated facts similar to the simplified record described in C.A.R. 10.[2] In addition, Schaffer notes that a tape-recording of the administrative hearing was made to comply with section 24–4–105(13), 10 C.R.S. (1982). She urges that submission of the tape-recording in lieu of a transcript would permit effective review of the administrative proceedings by the district court.

Although C.A.R. 10 on its face does not apply to appellate review by a district court of an administrative agency adjudicatory decision, we believe the principle underlying the rule should apply to section 24–4–106 review proceedings. A simplified record would facilitate access to the courts and serve the interests of justice. To the best of our knowledge, the allowance of a simplified record does not conflict with any applicable statute, rule or regulation. Therefore, we direct the district court to permit Schaffer to submit the record of the hearing in the form of one of her suggested alternatives to a transcript. The district court is in the best position to determine which alternative is most suitable in terms of cost, completeness, and the convenience of the parties and the court.

The rule is made absolute.

---

This statement was made in reliance upon *Loesch.*

Because subsections 24–4–105(13) and (15) apply only to the transcript of the initial agency hearing, they have no application to the agency hearing in this case, which was conducted under section 26–1–106, 11 C.R.S. (1985 Supp.). Section 26–1–106 provides "that the hearing conducted by the hearing officer shall be considered as a hearing conducted by the agency and judicial review subject to section 24–4–106, C.R.S., for any party, including the state department which shall be considered a person for such purposes, shall be directly from said agency decision."

**2.** Although Schaffer refers to the "stipulation of facts" provided for by C.A.R. 10(c), that subsection authorizes only the submission of a "statement of the evidence." C.A.R. 10(c) provides in relevant part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection."

C.A.R. 10(d) provides in part:

In lieu of the record on appeal as defined in section (a) of this Rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented.

For present purposes there is no substantial difference between the simplified forms of record embodied in subsections (c) and (d).