**Betty EARL, Petitioner,**

v.

**The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, Second Judicial District, and the Honorable Paul A. Markson, Jr., One of the Judges Thereof, Respondents.**

**No. 85SA452.**

Supreme Court of Colorado,
En Banc.

June 2, 1986.

---

Nancy J. Hutchinson, Bonham & Peake, Denver, for petitioner.

Stephen H. Kaplan, Denver City Atty., Frank A. Elzi, Asst. City Atty., Denver, for respondents.

DUBOFSKY, Justice.

This original proceeding presents the same issue addressed in *Schaffer v. District Court*, 719 P.2d 1088 (Colo.1986). We issued an order to show cause concerning the Denver district court's denial of the petitioner's motion to submit a simplified record of the administrative proceeding under review. We make the rule absolute.

The petitioner Betty Earl seeks judicial review under section 24–4–106, 10 C.R.S. (1982), of a state hearing officer's decision that the Denver Department of Social Services (the department) properly denied her application for a foster care license.[1] On September 5, 1985, the respondent district court granted Earl's motion to proceed in forma pauperis and her "Motion to Transcribe the Record In Forma Pauperis." Upon learning that there is no statutory authority for requiring the costs of transcript preparation to be borne by the Colorado Judicial Department, the district court rescinded its order granting the motion to have the record transcribed in forma pauperis.

Subsequently, Earl filed a "Motion to Partially Transcribe the Record" in which she suggested three alternative forms of relief. First, she asked that she be given access to the tape-recording of the hearing that was made in order to transcribe what she considered to be the necessary portions at the offices of her attorney. Earl also urged that the tapes themselves could be transmitted to the district court in lieu of a transcript. Finally, she suggested that she could be permitted access to the tapes for the purpose of preparing a statement of evidence as provided for by C.A.R. 10(c).[2]

On October 24, 1985, the district court denied in its entirety Earl's motion to partially transcribe the record. The district court stated in the October 24 order:

The Motion For Petitioner To Partially Transcribe Record is denied. It is clear that an intelligent review of the administrative proceedings will require the en-

---

1. Under section 26–1–106, 11 C.R.S. (1985 Supp.), the hearing officer for the state department "may conduct hearings on appeals from decisions of county departments brought by recipients of and applicants for public assistance and welfare which are required by law in order for the state to qualify for federal funds...."

2. C.A.R. 10(c) provides in relevant part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection."

tire transcript and all exhibits. Petitioner is challenging evidentiary rulings, factual findings and the denial of a directed verdict both of which require a Court review of all of the evidence presented.

Given the over-crowded docket of the Denver District Court, the Court is unable to listen to the lengthy tape recordings of the proceedings.

Further, a statement of the evidence is also unsatisfactory.

On behalf of the respondent district court, the department makes four objections to the relief requested. It argues first that "a party seeking review of an administrative hearing is required to order and pay for a transcript in order to make it part of the record," relying on *Harris v. District Court*, 655 P.2d 398 (1982) and *Loesch v. Dept. of Rev.*, 194 Colo. 169, 570 P.2d 530 (1977). The department further argues that an indigent has no right to a free transcript in civil actions.[3] It asserts that there is no statutory authority for permitting the petitioner to submit the record of the administrative hearing to the district court other than in the form of a transcript. Finally, it asks this court to consider the burden that will be placed on the district court if it were required to review the record in the form of an unindexed tape-recording.

We disposed of most of these contentions under similar circumstances in *Schaffer v. District Court*, 719 P.2d 1088 (Colo. 1986). *Schaffer* also involved a petition for judicial review under section 24–4–106 of a decision of the Colorado Department of Social Services. Schaffer, who was unable to pay for the preparation of a transcript of the administrative hearing, requested the district court to waive the transcript costs or in the alternative to permit a simplified record in the form of a tape-recording or a statement of stipulated facts. Addressing Schaffer's request for relief we noted that a complete typewritten transcript is not required under section 24–4–106(6) as part of the record on review described in that section.[4] We also recognized that normally a full transcript is not essential to effective judicial review of administrative proceedings in cases such as this. Perhaps of most importance, despite the absence of explicit statutory authority for the provision of a simplified record to the district court in cases involving judicial review under section 24–4–106, we decided that application of C.A.R. 10 to district court review of an agency adjudicatory decision would "facilitate access to the courts and serve the interests of justice" without interfering with any conflicting statutory directive. At 1090. The respondent district court in *Schaffer* was directed to determine which of the alternatives to a

3. For this proposition the respondents cite *Almarez v. Carpenter*, 173 Colo. 284, 477 P.2d 792 (1970). However, in *Almarez*, we only determined that in view of the adequate substitutes for a transcript authorized by C.A.R. 10, the unavailability of a free transcript to indigents in a civil case on appeal from the district court did not amount to a denial of the "equality of justice" guaranteed by Article II, section 6 of the Colorado Constitution. *Almarez* did not address the question whether, in the absence of any satisfactory alternatives, a waiver of transcript costs for indigents might be constitutionally required. In any event, the petitioner here has not renewed her request for a free transcript.

4. The department asserts that "[t]he law is clear that a party seeking judicial review of an administrative hearing is required to order and pay for a transcript in order to make it part of the record," citing our decisions in *Harris v. District*

*Court*, 655 P.2d 398 (1982) and *Loesch v. Dept. of Revenue*, 194 Colo. 169, 570 P.2d 530 (1977). However, in *Harris* we specifically stated that the record described in section 24–4–106(6), which governs our review of this case, "does not include a transcript of the proceedings" before the agency. 655 P.2d at 400 (footnote omitted). We went on to state that "*if* [the party seeking judicial review of an administrative decision] wishes to include the transcript of the testimony before the hearing officer in the record on review," then it is that party's responsibility to arrange for preparation and delivery of the transcript. 655 P.2d at 401 (emphasis added).

In *Schaffer*, at 1089, n. 1, we disapproved the assumption in *Loesch*, 194 Colo. at 171, 570 P.2d at 531–32, that section 24–4–105(13) which provides for preparation of a transcript for purposes of *agency* review of a hearing officer's decision applies to *judicial* review of such decisions under section 24–4–106.

transcript suggested by the petitioner was "most suitable in terms of costs, completeness, and the convenience of the parties and the court." *Id.*

Unlike the situation in *Schaffer*, the respondent district court here already has indicated that the alternatives proposed by Earl are unsatisfactory in terms of the convenience of the court or completeness. We appreciate the delay and inconvenience for the court that might result from submission of the record in the form of the unedited tape-recording of the hearing. However, the district court has not suggested that the other proposed alternatives would be unduly burdensome. As to the court's dissatisfaction with an incomplete record, we are not inclined to preclude Earl from judicial review under section 24–4–106 on the basis that a simplified record is incomplete in the absence of specific or demonstrable prejudice to the opposing party.

For these reasons, as we did in *Schaffer*, we direct the district court to permit the submission of a simplified record in the form of one of the suggested alternatives that the court considers most appropriate.

The rule is made absolute.