H.R. CHERNE and B.D. Cherne,
Petitioners–Appellees,

and

Board of Assessment Appeals,
Plaintiff–Appellee,

v.

BOARD OF EQUALIZATION OF
BOULDER COUNTY, Re-
spondent–Appellant.

No. 93CA0396.

Colorado Court of Appeals,
Div. II.

April 7, 1994.

Rehearing Denied May 19, 1994.

Certiorari Denied Dec. 5, 1994.

Peter N. Ehrlich, P.C., Peter N. Ehrlich, Denver, for petitioners-appellees.

No appearance for plaintiff-appellee.

H. Lawrence Hoyt, Boulder County Atty., George Rosenberg, Asst. County Atty., Boulder, for respondent-appellant.

Opinion by Judge JONES.

In this property valuation case, respondent, Boulder County Board of Equalization (BOE), seeks review of the order from the

Colorado Board of Assessment Appeals (BOAA) reversing the 1992 valuation of the property of H.R. and B.D. Cherne (taxpayer) by the BOE. We affirm.

## I.

█ We first conclude that the supplemental record designated by the taxpayer should come before this court for consideration in this review.

While the taxpayer's representative and witness, a non-lawyer registered real estate appraiser, was not certified by the BOAA as an expert witness and did not ask that the. appraisal document prepared and introduced by him be admitted into evidence, extensive reference is made to the document by all witnesses and BOE's counsel. Additionally, the BOAA referred to the document, both directly and by inference, in its questions to witnesses and in its findings and conclusions. The record plainly reveals that all parties and the BOAA anticipated using the document as evidence and did so.

While it is unfortunate that the document was not formally admitted, its presence and contents are so thoroughly inculcated into the record that it would not be possible to disregard it, and effective review requires its consideration here. *See Schaffer v. District Court,* 719 P.2d 1088 (Colo.1986).

█ In light of the fact that, in administrative matters, the strict application of the rules of evidence may be relaxed to achieve fair and just consideration of the issues, *see Fueston v. City of Colorado Springs,* 713 P.2d 1323 (Colo.App.1986), we conclude that the appraisal document should be considered on appeal and that to do so does not violate due process or fundamental rights. *See Earl v. District Court,* 719 P.2d 321 (Colo.1986). *Cf. Colorado Department of Revenue v. Kirke,* 743 P.2d 16 (Colo.1987).

## II.

█ We next consider the taxpayer's contention that the BOE's appeal is framed on legally deficient claims because the BOE seeks review solely of the reduction of the value of the improvements component of the

valuation of the subject property. We perceive no error.

The right to seek review of an assessment valuation is governed by statute. If a taxpayer believes the property has been improperly valued by the county assessor, "he may appear before the Assessor and object...." Section 39–5–122, C.R.S. (1993 Cum.Supp.). Upon denial of a taxpayer's protest, the taxpayer may appeal to the county board of equalization. Section 39–8–106, C.R.S. (1982 Repl.Vol. 16B).

If a party is not satisfied with the board of equalization's consideration of the taxpayer's petition for appeal, in whole or in part, the party "may appeal *the valuation for assessment* ... to the board of assessment appeals or to the district court ... for a trial *de novo,* or he may submit his case to arbitration...." Section 39–8–108(1), C.R.S. (1993 Cum.Supp.) (first emphasis added).

█ Our analysis of the statutes governing the process by which valuation for assessment is determined, and how review of that process is accomplished, leads us to conclude that, at each level, a party may seek review of only the total valuation for assessment, and not of the component parts of that total. Each statute speaks only of the right to appeal the "value" or the "valuation assessment set by the Assessor." Notably absent from these statutes is language that would permit a party to limit the scope of the protest by appealing only a portion or component of the assessed value. *See, e.g., City & County of Denver v. Board of Assessment Appeals and Regis Jesuit Holding, Inc.,* 848 P.2d 355 (Colo.1993) (although assessor may initially isolate lessor's and lessee's interests in property, property is assessed as unit and only one single assessment produced).

Thus, the BOE may not properly seek review only as to the improvements component of the total assessment. However, here the record reveals that the concerns as to the improvements component are so inextricably bound up in the total assessed value that the review here is properly before the court in spite of the BOE's expressed and obvious disagreement with the improvements portion. Therefore, the taxpayer's implicit request for dismissal is denied.

### III.

■ As to the contentions of BOE, generally, that the BOAA erred in reducing the 1992 valuation of the subject property from that asserted by the BOE, we disagree. We conclude that certain principles concerning the impact of below market rate lease agreements on assessed value, established in *City & County of Denver v. Board of Assessment Appeals, supra,* are useful in determining the issue raised here for review.

In the *City & County of Denver v. Board of Assessment Appeals, supra,* as here, the property in question was an old discount store encumbered by an arms-length lease calling for a below-prevailing-market-rates rental amount until the year 2001. The low rental rate seriously affected the valuation of the improvements portion of the property because comparable properties had much higher rental rates for leases entered into after the lease on the subject property. Thus, the actual rental income, there and here, distorted the determination of the actual value of the property.

We agree with the BOE that the decision in *City & County of Denver v. Board of Assessment Appeals* does not stand for the proposition that, in the application of the income approach to assessed valuation, if the property is subject to a long term lease that at the time of appraisal is a below market lease, then the fact of such a lease is the sole determinant in the valuation of the property. There, the court merely held that in situations in which "consideration of actual rental income distorts the determination of the actual value of the property, the BOAA is free to place whatever weight it deems appropriate to [the actual rental income]." *City & County of Denver v. Board of Assessment Appeals, supra,* 848 P.2d at 361.

As in that case, the BOAA here did just that. It considered the method advanced by each party as to how the actual rental income should be factored into the assessed valuation. It found that the taxpayer's method resulted in a lower value than the BOE's, while the BOE's method derived "a higher value from the income approach, but in the Board's opinion, not the actual value." And, although the taxpayer and the BOE analyzed both the market and cost bases for valuation, both agreed, as did the BOAA, that the income method was the best method by which to determine the 1992 value of the property. *See CF & I Steel Corp. v. Patton,* 765 P.2d 586 (Colo.App.1988), *rev'd on other grounds sub nom. LaDuke v. CF & I Corp.,* 785 P.2d 605 (Colo.1990).

Thus, the record reveals that the BOAA considered all of the evidence in the case, much of it in dispute, and, as it must, it weighed the evidence and resolved the conflicts. *See Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.,* 797 P.2d 27 (Colo.1990).

The BOAA determined that the BOE's asserted valuation of $2,712,900 was excessive by the amount of $460,000 assigned to improvements. And, in light of the fact that the property's real value lay in the resale of the land for redevelopment purposes regardless of the improvements, we perceive no error in the BOAA's reducing the BOE's total valuation of the property to $2,252,900 and in assigning a value to the improvements of $1,000.

The BOE's other contentions need not be considered in light of our resolution of this matter.

The order is affirmed.

STERNBERG, C.J., and NEY, J., concur.